IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TEVIN TYRELL GARRETT | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-149 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Tevin Tyrell Garrett, an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent has filed a Motion to Dismiss (doc. #25.) asserting the Petition is barred by the applicable statute of limitations.  Petitioner has responded.  (Doc. #31 and Doc. #34.). The Motion is therefore ripe for consideration.

Factual Background and Prior Proceedings

Petitioner was charged with one count of evading arrest and two counts of burglary of a habitation in the 123rd District Court of Shelby County, Texas.  Petitioner entered pleas of guilty. On April 18, 2018, Petitioner was placed on deferred adjudication community supervision for a period of three years on one of the burglary charges and the evading arrest charge, and 10 years on the second burglary charge.  Petitioner did not appeal the deferred adjudication orders.

The prosecution subsequently filed a motion to proceed with an adjudication of guilt regarding each charge, alleging multiple violations of the terms of Petitioner's release on deferred

adjudication community supervision.  On July 17, 2018, Petitioner entered pleas of "true" to the prosecution's allegations and was found guilty of each charge.  Petitioner was sentenced to 10 years of imprisonment on the evading arrest charge and 20 years imprisonment on the burglary charges, with the sentences to run concurrently.  Petitioner did not appeal the convictions or sentences.

On August 19, 2019, Petitioner filed a state application for Writ of Habeas Corpus for each conviction.  The Texas Court of Criminal Appeals denied the Application without written order on the findings of the trial court without a hearing and on its independent review of the record on February 26, 2020.

## Grounds for Review

Petitioner asserts the following grounds for review: (a) he is actually innocent because the prosecution's evidence did not prove all the elements of each offense; (b) he received ineffective assistance of counsel because counsel: (1) failed to investigate or challenge the prosecution's evidence and (2) withheld mitigating and exculpatory evidence from the record; and (c) the trial court violated his right to due process by not provide alternate legal resources after he expressed discontent with counsel's performance.

## Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for a habeas corpus petition seeking relief from a state court criminal conviction.  Title 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part as follows:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing an application by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed Application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's grounds for review relate to his guilty pleas. As a result, and as Petitioner did not appeal the deferred adjudication orders, the deferred adjudication orders became final on May 18, 2018, 30 days after the deferred adjudication orders were entered, when the time period for filing an appeal expired.[1] The period of limitations began to run on that date, and expired one year later, on May 18, 2019.[2]

Under other circumstances, the filing of Petitioner's state application for Writ of Habeas Corpus on August 19, 2019, would have tolled the limitations period. However, as the limitations period had expired on May 18, 2019, before the Application was filed, the filing of the Application did not toll the running of the limitations period. Petitioner filed this federal Petition

---

[1] Under Texas Rule of Appellate Procedure 26.2(a)(1), a criminal defendant has 30 days to file a notice of appeal.

[2] When a defendant is placed on deferred adjudication community supervision and the grounds for review relate to the entry of a guilty plea, the period of limitations begins to run on the date the deferred adjudication order became final. *Tharpe v. Thaler*, 628 F.3d 719, 724-25 (5th Cir. 2010).

3

for Writ of Habeas Corpus on June 9, 2020.  As a result, this Petition was filed after the period of limitations expired.

Petitioner asserts he is entitled to equitable tolling.  In *Holland v. Florida*, 560 U.S. 631, 634 (2010), the Supreme Court held that Section 2244(d) is subject to equitable tolling in appropriate cases.  The Court stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id*. at 649.  *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id*. at 653.  The United States Court of Appeals for the Fifth Circuit has explained that "equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that excusable neglect does not support equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).

Petitioner states that after he was convicted, he was incarcerated in the Shelby County Jail for almost two months before he was transferred to the Texas Department of Criminal Justice ("TDCJ") on September 14, 2018.  Petitioner states that as the Shelby County Jail does not have a law library, he was unable to conduct research to prepares his state application for Writ of Habeas Corpus before he was transferred to TDCJ.

Petitioner states he was transferred to TDCJ on September 14, 2018.  He did not file his state application until August 19, 2019, more than 11 months later.  "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  As Petitioner waited more than 11 months after he was transferred to TDCJ before filing his state application, it cannot be concluded he pursued his habeas remedies with the diligence and alacrity required for

equitable tolling. *Stroman v. Thaler*, 603 F.3d 299, 303 (5th Cir. 2010) (petitioner who waited seven months to file state application was not entitled to equitable tolling). Petitioner is therefore not entitled to equitable tolling.

One of Petitioner's other grounds for review is actual innocence. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that actual innocence may provide a "gateway" for consideration of otherwise time-barred claims. An actual innocence claim requires a petitioner to support his allegations of constitutional error with new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The mere allegation of actual innocence will not open such a "gateway;" instead, a petitioner seeking to avoid a limitations bar is required to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin*, 569 U.S. at 401. In other words, an actual innocence exception to the limitations bar will only be found if the evidence presented by the petitioner convinces the court that "it is more likely than not that no reasonable jury would have convicted [the petitioner]." *Id*. at 395.

Here, Petitioner's assertion of actual innocence is not based on any new reliable evidence. Instead, Petitioner asserts the prosecution did not prove all the elements of each offense. This assertion does not contend Petitioner is factually or actually innocent of the offenses with which he was charged. As a result, Petitioner is not entitled to proceed through the "gateway" opened by *McQuiggin*.

For the reasons set forth above, this Petition was filed after the applicable period of limitations expired. Petitioner has not shown he is entitled to equitable tolling or that he is actually innocent. As a result, Respondent's Motion to Dismiss should be granted.[3]

<u>Recommendation</u>

The Motion to Dismiss filed by Respondent should be granted.

<u>Objections</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge contained herein. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc).*

**SIGNED this the 29th day of July, 2022.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner also contends that the statute of limitations established by the AEDPA is unconstitutional. However, the Fifth Circuit has held that this statute of limitations is constitutional. *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir. 1999).

6