IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TEVIN TYRELL GARRETT | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv149 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Tevin Tyrell Garrett, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges convictions for burglary and evading arrest. The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge.

The respondent filed a motion asking that the petition be dismissed as barred by the applicable statute of limitations. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion be granted. The Magistrate Judge concluded petitioner filed his petition after the period of limitations expired and that he was not entitled to equitable tolling. The Magistrate Judge further concluded that as petitioner had not presented new and reliable evidence demonstrating he was actually innocent, he was not entitled to proceed through the gateway established by *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed two sets of objections to the Report and Recommendation, as well as supplemental objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner's objections relate to the Magistrate Judge's conclusion that he failed to present new and reliable evidence indicating he is actually innocent. He states the only reason he was convicted is because his attorney failed to conduct a proper investigation. Petitioner asserts a proper investigation would have revealed his actions did not meet the elements of the crime of burglary.

Petitioner further contends the prosecution failed to prove each element of the offense. Finally, petitioner states that the complainant's daughter provided a statement against him. He states that in 2019, after he was convicted, he discovered evidence that the daughter was a juvenile and under the full guardianship of the complainant when she provided the statement against him, implying that her statement was false. Petitioner contends the daughter is the person who actually committed the burglary.

As the Magistrate Judge stated, in order to proceed through the gateway established by *McQuiggin*, a petitioner must present new and reliable evidence which demonstrates he is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The evidence presented must establish that, in light of the new evidence, it is more likely than not that no reasonable jury would have convicted the petitioner. *McQuiggin*, 569 U.S. at 395.

Petitioner's assertions regarding his attorney's investigation and the prosecution's failure to prove each element of the offense are not based on new evidence and fail to demonstrate petitioner is factually innocent of the crime of burglary. Moreover, petitioner's assertions regarding the complainant's daughter fall short of establishing that if this information had been known earlier, it is more likely than not that no reasonable jury would have convicted petitioner. As a result, petitioner may not proceed through the *McQuiggin* gateway.

## ORDER

Accordingly, petitioner's objections and supplemental objections (doc. nos. 39, 40 and 41) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge (doc. no. 36) is **ADOPTED** as the opinion of the court. The motion to dismiss (doc. no. 25) is **GRANTED**. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing

of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits.  Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to debate among jurists of reason.  The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further.  As a result, a certificate of appealability shall not issue.

**SIGNED** this the 29 day of **August, 2022.**

_____
Thad Heartfield
United States District Judge